Commonwealth *v.* Raul, Appellant.

362

Argued November 13, 1929. 

 Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ. 

*Louis Bernstine,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, and with him *John Monaghan,* for appellee.

OPINION BY KELLER, J., December 12, 1929:

Appellant was indicted for and convicted of unlawfully engaging in the practice of medicine, etc., in the County of Philadelphia, without first having received a certificate of licensure from the Bureau of Medical Education and Licensure of the Department of Public Instruction, and having the same recorded in the office

of the Superintendent of Public Instruction at Harrisburg, contrary to the provisions of the Act of June 3, 1911, P. L. 639.

The fact that he practiced medicine in the City of Philadelphia by attempting to diagnose the diseases from which certain patients were suffering, and by prescribing medicines for said patients, is not denied; and it is admitted that he never secured a license or certificate from the Bureau of Medical Education and Licensure aforesaid authorizing him to practice medicine in this Commonwealth.

He bases his contention that the indictment should have been quashed, (assignment 1), a verdict of "not guilty" directed, (assignment 2), and the judgment arrested, (assignment 4), on the proposition that the penal clause (Sec. 1) of the Act of 1911, aforesaid, has been repealed by the amendment of April 2, 1925, P. L. 119 (since further amended by the Act of April 9, 1929, P. L. 466) which, he alleges, substituted proceedings by summary conviction in place of the prosecution for misdemeanor provided for by the Act of 1911.

The Act of 1925 expresses no intention, either in its title or in the body of the statute, to repeal the provisions contained in the first section of the Act of 1911, which (1) forbids anyone not duly licensed in accordance with the statute to practice medicine or surgery. in this Commonwealth, (2) declares a violation thereof a misdemeanor, and (3) prescribes the penalty on conviction of said offense. It is limited, both in its title and subject matter, to an amendment of section 7 of the Act of 1911, which deals with the registration of certificates of licensure after they are obtained from the Board of Medical Education and Licensure on passing the prescribed examination. As originally enacted, the Act of 1911 provided only for a recording or registration of the *certificate or license* in the office

of the Superintendent of Public Instruction. The amendment of 1925 supplements this by the further requirement that all *persons* then qualified and engaged in the practice of medicine, etc., and all who shall thereafter be licensed under the provisions of the Act of 1911 to engage in such practice, *shall annually register* on or before the first day of January of each year; and provides that a failure so to register, by one practicing medicine after January 1, 1926, shall subject him to prosecution by summary conviction before any magistrate, alderman or justice of the peace of the county where the offense is committed, and the payment of a fine, on conviction, of not less than $10 or more than $100.

It is plain that this amendatory statute applies only to the annual registration by physicians, duly licensed and authorized to practice medicine, etc., in this State, and does not affect in any manner the provision of the first section which forbids the practice of medicine in this State without first securing a license from the Board of Medical Education and Licensure authorizing such practice, and declares its violation a misdemeanor punishable by fine and imprisonment. The provisions of an act requiring that one lawfully authorized to practice medicine shall annually register in the Department of Public Instruction can have no bearing on the rights or duties of one who has never been licensed or authorized to practice medicine in this State. The appellant not being licensed to practice medicine could not register as a physician, and could not be proceeded against summarily for failing to do so. But he could be prosecuted for practicing medicine without a license, and on conviction could be sentenced in accordance with the provisions of the act (Sec. 1) declaring such conduct a misdemeanor. The penalty imposed in clause 7, as amended, on those violating its provisions, must be restricted to those who are embraced within

its scope and required to comply with its provisions, viz., to "all persons now qualified and engaged in the practice of medicine or who shall hereafter be licensed by the Department of Public Instruction for the Board of Medical Education and Licensure to engage in such practice in the Commonwealth of Pennsylvania," who shall fail to register in accordance with its provisions.

The Act of 1911 and its amendment of 1925 are not contradictory or in conflict. The amendment only supplements section 7 of the Act of 1911; but does not repeal the first section, nor substitute a different penalty for the one therein prescribed. Section 1 of the Act of 1911 is directed against the unlawful practice of medicine by those who are not qualified to practice and who have not been licensed to do so by the Board of Medical Education and Licensure; section 7, as amended by the Act of 1925, is directed against the failure to register annually by those who are qualified to practice and have been licensed as aforesaid. Section 1 of the Act of 1911 is still in full force and effect, and the defendant was properly indicted, tried and convicted for violating its provisions.

The assignments of error are overruled. The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.